

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00031-CR

———————————————————

RUBEN CASAREZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1785430

---

Before Sudderth, CJ.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Pursuant to a plea bargain, Appellant Ruben Casarez entered a plea of guilty[1] to the second-degree felony offense of aggravated assault with a deadly weapon and pled true to a habitual offender notice.[2]  *See* Tex. Penal Code Ann. §§ 22.02(a)(2), (b), 12.42(d) (stating that "if it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses . . . on conviction the defendant shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years").  The trial court conducted a punishment hearing and sentenced Casarez to 35 years' confinement.  *See id.* §§ 22.02(a)(2), (b), 12.42(d).

Casarez's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).  *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).  Counsel

---

[1]The trial court gave Casarez permission to appeal.

[2]The habitual offender notice included prior felony convictions for aggravated sexual assault of a child under 14 (April 2007) and burglary of a habitation (November 1994).

also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[3]

Casarez did not seek access to the appellate record and did not file a pro se response. The State filed a letter response in which it agreed with appellate counsel that there are no meritorious grounds on which to advance an appeal.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that an appeal would be wholly frivolous and without merit; we find

---

[3]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

nothing in the appellate record that otherwise arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 5, 2025